IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

   Plaintiff,

  v.

DIOP FITZGERALD, et al.,

   Defendants.

Criminal No. 18-072
ELECTRONICALLY FILED

**ORDER OF COURT**

Before the Court is Defendant's motion for reconsideration (ECF 189) of this Court's prior Order (ECF 185) denying Defendant's prior motion for compassionate release/reduced sentence. ECF 178. The Government has filed a response in opposition to the motion for reconsideration. ECF 191. The Court will DENY Defendant's motion for reconsideration for the reasons set forth below.

As noted in this Court's prior Order (ECF 185), on August 13, 2018, Defendant pled guilty in accordance with his plea agreement with the Government to a lesser included offense at Count One of the indictment brought against him. ECF 131-1. Specifically, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), all in violation of 21 U.S.C. §846. ECF 131 and ECF 133.

Following his guilty plea, Defendant was sentenced by this Court to a 144-month term of imprisonment, to be followed by an 8-year term of supervised release. ECF 174. Defendant was remanded to the custody of the Bureau of Prisons ("BOP") following the sentencing hearing, and ultimately, the BOP assigned Defendant to the Federal Correctional Institute located in Loretto,

...

Pennsylvania ("FCI Loretto"), consistent with his classification.

Defendant filed a prior motion seeking an early, compassionate release from FCI Loretto, arguing that his obesity, combined with his pre-diabetes diagnosis and his history of high blood pressure placed him at risk for contracting COVID-19 while incarcerated. ECF 178. After reviewing the Defendant's prior motion and the Government's response (ECF 184), this Court denied Defendant's motion finding that his alleged medical conditions do not rise to the level of "extraordinary and compelling" standards necessary to reduce his term of imprisonment. ECF 185.

Defendant now requests that this Court reconsider its prior decision because he was not afforded an opportunity to file a reply brief to the Government's oppositional response. In support of his request Defendant has supplied additional data concerning the number of COVID-19 cases in the federal prison system, generally, and specifically, at the facility where he is presently incarcerated – FCI Loretto. The Government notes that even if the data and statistical information supplied by Defendant in ECF 187 and ECF 189 were true, as of February 23, 2021, the BOP was reporting **no** COVID-19 infections amongst inmates and only 15 positive staff members at FCI-Loretto. See https://www.bop.gov/coronavirus/ (last visited February 23, 2021).

A motion for reconsideration such as the one filed by Defendant, here, may be filed in a criminal case. *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Specifically, a motion for reconsideration is generally permitted only if: (1) there is an intervening change in the controlling law; (2) new evidence becomes available that was not previously available at the time the Court issued its decision; or (3) to correct clear errors of law

or fact or to prevent manifest injustice.  See *Howard Hess Dental,* 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"[M]otions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F.Supp.2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F.Supp.2d 753, 755 (E.D. Pa. 1993) rev'd in part and aff'd in part on other grounds, 57 F.3d 270 (3d Cir. 1995)).  Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F.Supp.2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002)).

A court may not grant a motion for reconsideration when the motion simply restyles or rehashes issues previously presented.  *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001); see also *Carroll v. Manning*, 414 Fed. Appx. 396, 398 (3d Cir. 2011) (affirming denial of  "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and *Grigorian v. Attorney General of U.S.*, 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . .  It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes

3

omitted).  Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.  *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

Turning back to the instant case, Defendant is not arguing that there has been any sort of intervening change in the controlling law, nor that this Court needs to correct a clear error of law or fact or to prevent manifest injustice.  Instead, Defendant presents "new evidence" in the form of additional data concerning the number of COVID-19 cases in the federal prison system and specifically, at the facility where he is presently incarcerated – FCI Loretto.   However, in light of the fact that as of yesterday, there were **no** confirmed COVID-19 cases among inmates at FCI-Loretto, this Court is not persuaded to reconsider its prior decision.

Moreover, and perhaps more importantly, the basis for the Court's prior Order (ECF 185) determined that Defendant's medical conditions did not qualify him for the relief he sought.  As explained in its Order, Defendant's non-terminal medical conditions did not qualify as "extraordinary and compelling" because Defendant was not "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Id.  Because there is no new evidence that Defendant's medical conditions have changed or any way worsened, the rationale for the Court's denial of Defendant's initial motion remains unchanged and thus, not subject to reconsideration.  Defendant's instant Motion for Reconsideration (ECF 189) is, therefore, DENIED.

**SO ORDERED**, this 24th day of February, 2021.

s/   Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All ECF Registered Counsel of Record
and
Diop Fitzgerald  # 30162068
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Cresson, PA  16630